**People of the State of CALIFORNIA; James Hall, Warden, Respondents— Appellees.**

**No. 04–57044.**

**D.C. No. CV–04–01287–CJC.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Jan. 25, 2006.

Tyrrall Farrow Cannon, CSPI—California State Prison Ironwood, Blythe, CA, pro se.

David J. Zugman, Esq., Law Offices of David J. Zugman, San Diego, CA, for Petitioner–Appellant,

George H. Williamson, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before SCHROEDER, Chief Judge, FRIEDMAN ** and FISHER, Circuit Judges.

MEMORANDUM ***

Tyrrall Cannon appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition. This court granted a certificate of appealability as to only one issue: whether the district court properly dismissed Cannon's petition as unexhausted because Cannon had a petition for writ of habeas corpus pending in the California Supreme Court.[1] In dis-

missing Cannon's habeas petition, the district court, citing *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), noted that it was required to dismiss mixed petitions. Since the district court's ruling, the Supreme Court has decided *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), in which it held that district courts have the discretion to stay and hold in abeyance, rather than dismiss, a mixed habeas petition in "limited circumstances" where the petitioner establishes "good cause for [his] failure to exhaust his claims first in state court." *Id.* at 1535. Accordingly, we vacate the district court's dismissal and remand the habeas petition for reconsideration in light of *Rhines v. Weber. See Jackson v. Roe,* 425 F.3d 654, 655 (9th Cir.2005). If the court concludes that Cannon's claims have "since been exhausted, there may no longer be a need to stay the proceedings. Instead the district court could consider the [claims] ... on the merits." *Id.* at 662.[2]

VACATED and REMANDED.

---

**2.** Because we are vacating and remanding the district court's dismissal, we express no opinion as to Cannon's additional claim that his incompetence excuses the exhaustion requirement.

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).